IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

COMMERCE AND INDUSTRY
INSURANCE COMPANY, et al.,

                Plaintiffs,

v.                                            CIVIL ACTION NO.  2:13-cv-30260

NEWHALL CONTRACTING, INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

By Order entered March 6, 2014, the Court granted (ECF 13) the consent motion to consolidate (ECF 10) of Plaintiff Commerce and Industry Insurance Company ("Commerce and Industry") and Defendant Newhall Contracting, Inc. ("Newhall Contracting") filed in case number 2:13-cv-30260, and the consent motion to consolidate (ECF 11) of Plaintiff National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") and Defendant Parley Enterprises, Inc. ("Parsley Enterprises") filed in case number 2:13-cv-30263.  The Court further ordered that the consolidated cases bear the master case number 2:13-cv-30260.

Pending are Commerce and Industry's motion (ECF 8 in no. 2:13-cv-40360) to strike the affirmative defenses in Defendant Newhall Contracting, Inc.'s Answer and National Union's motion (ECF 9 in no. 2:13-cv-30263) to strike the affirmative defenses in Parley Enterprises' Answer.  Both motions as well as both Answers are similar (indeed, essentially identical).  As

such, the Court considers them together for purposes of resolving Plaintiffs' motions. Defendants did not file responses to the motions.[1]

Plaintiffs challenge Defendants' assertions of affirmative defenses in their respective Answers. As pertinent here, each Answer asserts:

### FIRST DEFENSE

1. Defendant assert [sic] all affirmative defenses set forth in the Rules of Civil [P]rocedure, CR 8.03,[2] which are asserted by the facts, whether known or unknown at this time, and specifically reserve the right to assert any and all affirmative defenses that arise or become known to this Defendant through the course of discovery.

### SECOND DEFENSE

2. The Defendant set forth [sic] and [sic] any and all affirmative defenses known or unknown at this time.

### THIRD DEFENSE

3. The Defendant reserve [sic] the right to assert any defenses that might result as a result of additional discovery.

### FORTH [sic] DEFENSE

4. That the Plaintiff states no cause of action against the Defendant and their [sic] case should be dismissed pursuant to Civil Rule 12.[3]

(ECF 5 at 1 in no. 2:13-cv-30260; ECF 7 at 1 in no: 2:13-cv-30263.)

---

[1] In this district, a party's failure to respond is not deemed to be a per se admission of the motion. Accordingly, Plaintiffs must still demonstrate that their motions are meritorious. The Court observes, however, that Defendants' failure to respond is unhelpful and unnecessarily increases the burden on the Court.

[2] Although not entirely clear, based on the citation it appears that Defendants might be referencing Kentucky Rule of Civil Procedure 8.03, which rule concerns the pleading of affirmative defenses. *See* The Bluebook: A Uniform System of Citation 43 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010) (providing that the Kentucky Rules of Civil Procedure are cited as "Civil Rules" or "CR"). Of course, federal pleading standards apply to diversity cases. *See Fuller v. Aliff*, 990 F. Supp. 2d 576, 580 (E.D. Va. 2013) (explaining that multiple district courts in this circuit have noted that federal pleading standards are procedural rules that govern state law claims raised in diversity cases).

[3] Again, this might be a reference to Kentucky Rule of Civil Procedure 12.

Plaintiffs first argue that Defendants' articulation of affirmative defenses are deficient because they fail to satisfy the federal pleading standards as interpreted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 US. 662 (2009).

Plaintiffs cite no controlling authority from the Supreme Court or the Fourth Circuit (or for that matter any other circuit court of appeals) holding that the pleading standards articulated in *Twombly* and *Iqbal* apply to the pleading of affirmative defenses. Moreover, although Plaintiffs are correct that some district courts have extended the *Twombly*/*Iqbal* standard to the pleading of affirmative defenses, absent from their motions is recognition of the fact that many others have not. *See, e.g.*, *Barrett v. Americast, Inc.*, 3:13-CV-163, 2014 WL 1689737, at *2 (N.D. W. Va. Apr. 29, 2014) ("[T]he Fourth Circuit Court of Appeals has not addressed the issue of whether the *Twombly/Iqbal* analysis should be applied to answers. Although, several district courts within the Fourth Circuit have addressed the issue, there is a split of authority.") (collecting cases); *Flame S.A. v. Indus. Carriers, Inc.*, 2:13-CV-658, 2014 WL 2871432, at *2 (E.D. Va. June 24, 2014) (noting that there exists a "substantial difference in the [Fourth] Circuit's constituent district courts" and concluding that *"Twombly/Iqbal* do not apply to the pleading of affirmative defenses").

The Court need not venture into this dispute at this time, however, because Plaintiffs alternatively contend that even if *Twombly* and *Iqbal* do not apply to the pleading of affirmative defenses Defendants' Answers fail to satisfy the minimal pleading standards of Federal Rule of Civil Procedure 8 because they do not affirmatively state *any specific defense*. Overall, the Court agrees with Plaintiffs.

3

Under Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As a district court in the Northern District of West Virginia recently explained:

> To determine whether a defense was sufficiently pled, the Court applies Federal Rule of Civil Procedure 8. Rule 8(b) requires that a party, in responding to a pleading, must "state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(A−B). Rule 8(c) requires that a party, in responding to a pleading, must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1).

*Barrett*, 2014 WL 1689737 at *3.

"'An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.'" *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) (unpublished) (citing and quoting 5 Charles Allan Wright & Arthur R. Miller, Federal Practice & Procedure § 1274, at 455–56 (2d ed.1990)).

With respect to Defendants' First Defense, the Court cannot conclude that the pleading of a defense or defenses in such broad and general terms provides Plaintiffs with fair notice of the nature of the defense or defenses contemplated by Defendants. This is particularly true in consideration of the fact that this defense also forces Plaintiffs (and the Court) to speculate as to which affirmative defenses it even purports to incorporate by reference through its assertion of "all affirmative defenses set forth in the Rules of Civil [P]rocedure, CR 8.03." To the extent that this citation might be a citation to a Kentucky Rule of Civil Procedure, the Court observes that Civil Rule 8.03 is not identical to Fed. R. Civ. P. 8(c), and, in fact, contains at least one named defense (discharge in bankruptcy) not included in Fed. R. Civ. P. 8(c). Such discrepancies further undermine a finding that this amounts to fair notice of the defense or defenses asserted, and the

Court further finds that such uncertainty creates the risk of prejudice to the Plaintiffs. *See Villa v. Ally Fin., Inc.*, 1:13CV953, 2014 WL 800450, at *1 (M.D.N.C. Feb. 28, 2014) (explaining that in moving to strike an affirmative defense, "the moving party must show prejudice: for instance, where an 'irrelevant affirmative defense . . . result[s] in increased time and expense of trial, including the possibility of extensive and burdensome discovery'"). Accordingly, the First Defense is **STRICKEN** to the extent that it asserts "all affirmative defenses set forth in the Rule of Civil [P]rocedure, CR 8.03."

To the extent that the First and Third Defenses both reserve the right to add defenses, district courts appear to have stricken such broadly-worded and speculative assertions in consideration of the fact that additional defenses may be raised in an amended Answer pursuant to Fed. R. Civ. P. 15. *See, e.g.*, *Cnty. Vanlines Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 157 (S.D.N.Y. 2002) (striking defense that "reserve[ed] the right to assert additional affirmative defenses at such time and to such extent, as warranted by discovery and factual developments in this case"); *Boss Prods. Corp. v. Tapco Int'l Corp.,* No. 00 Civ. 0689, 2001 WL 135819, at *3 (W.D.N.Y. Feb. 16, 2001) (striking a defendant's affirmative defense that sought to reserve "the right to add additional Affirmative Defenses as discovery proceeds in this case"); *see also Arroyo v. Milton Acad.*, 5:10-CV-117, 2011 WL 65938, at *1 (D. Vt. Jan. 10, 2011) (noting that Rule 15(a) applies where a proposed amendment seeks to add affirmative defenses that might otherwise be waived) (citing *United States v. Continental Ill. Nat. Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1253 n. 4 (2d Cir. 1989) (noting that Rule 8, which requires all affirmative defenses to be pled in a responsive pleading, is modified by Rule 15 with respect to the amendment of pleadings)); *cf. Bryant Real Estate, Inc. v. Toll Bros.*, *Inc.*, 106 F. App'x 182, 188 (4th Cir. 2004)

5

(unpublished) (discussing amendments under Fed. R. Civ. P. 15(b) and determining that the defendant's answer had been constructively amended). Accordingly, the broad reservation of hypothetical future defenses in the First and Third Defenses is **STRICKEN**, subject to Defendants asserting additional affirmative defenses consistent with Fed. R. Civ. P. 15 as the case progresses.

Defendant's Second Defense is a global assertion of any and all defenses known or unknown. To the extent that this Second Defense simply duplicates the right to assert currently unknown defenses that may arise in the future it is **STRICKEN** for the same reasons previously discussed. To the extent that it is a general assertion of any "known" defense, by asserting everything Defendants have asserted nothing and the Court cannot conclude that this provides Plaintiffs fair notice of the nature of the defense or defenses pled by Defendants. As such, this Defense is also **STRICKEN**.

Finally, Defendants' Fourth Defense asserts that Plaintiffs fail to state a claim on which relief can be granted. Although not specifically directed at either or both of the two counts asserted in Plaintiffs' Complaints, it is not unreasonable to presume that this statement is asserted as to both counts. And, although Defendants again appear to cite a state rule of civil procedure, the Court concludes that this pleading at least sufficiently provides fair notice to Plaintiffs. *See, e.g.*, *Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, 12 CIV. 5105 NRB, 2014 WL 3950897, at \*4 (S.D.N.Y. Aug. 13, 2014) ("[I]t is well settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer. Although the defense is arguably redundant in that it is essentially a general denial, there is no prejudicial harm to plaintiff and the defense need not be stricken.") (quotations and citation omitted); *Villa*, 2014 WL 800450 at \*3 (collecting cases where some district courts have stricken such failure-to-state-a-claim

6

defenses as not being an actual affirmative defense while others have declined to strike such defenses and characterized them as merely mislabeled and concluding that striking such a pleading was unnecessary and that the failure of defendant "to include any detail as to the basis for its defense of failure to state a claim causes Plaintiff no prejudice because the Court will take no action on the defense unless and until [defendant] makes a proper motion"). Accordingly, Defendants' Fourth Defense may remain.

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' pending motions to strike affirmative defenses [ECF 8 in case no. 2:13-cv-40360; ECF 9 in case no. 2:13-cv-30263] and **STRIKES** from Defendants' Answers [ECF 5 in case no. 2:13-cv-40360; ECF 7 in case no. 2:13-cv-30263] the First Defense, Second Defense, and Third Defense.

The Court will, however, **GRANT** Defendants leave to amend the deficient affirmative defenses. *See, e.g.*, *Flame S.A. v. Indus. Carriers, Inc.*, 2:13-CV-658, 2014 WL 2871432, at *3 (E.D. Va. June 24, 2014) (permitting defendant to amend deficiently pled affirmative defenses "in light of the general practice to grant leave to amend when a motion to strike is granted"); *Palmer v. Oakland Farms, Inc.*, No. 5:10cv29, 2010 WL 2605179, at *2 (W.D. Va. June 24, 2010) (noting that whenever a motion to strike affirmative defenses is granted, "the defendant should generally be given leave to amend").

The Court observes, however, that this disposition may be of little effect in light of the fact that Defendants have failed to retain counsel in accordance with Local Rule of Civil Procedure 83.3 and this Court's prior orders (ECF 18; ECF 21).[4] Nonetheless, if new counsel appears counsel may file an amended Answer contemporaneous with counsel's notice of appearance and

---

[4] Although Plaintiffs have advised the Court that Defendants have retained alternate counsel in this matter (ECF 19 at 3), to date no counsel for Defendants have entered an appearance in this civil action.

response to the Court's prior Order (ECF 21). Defendants are again **ADVISED** that their failure to defend this action and to comply with this Court's Orders exposes them to a variety of sanctions, including the entry of default and a default judgment upon application or motion by Plaintiffs.

    **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record for Plaintiffs Commerce and Industry Insurance Co. and National Union Fire Insurance Company of Pittsburgh, PA, to Defendant Newhall Contracting at the following last-known address (Newhall Contracting, Inc., PO Box 52, Newhall, WV 24866-0052), and to Defendant Parsley Enterprises at the following last-known address (Parsley Enterprises, Inc., PO Box 457, Lenore, WV 25676-0457).

    ENTER:    August 19, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE